IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bartholomew Richard Smith, Jr., #1354147, ) ) ) Plaintiff, ) ) vs. ) ) York County Detention Center, Lt. ) Hall, Sgt. Jincks, ) ) Defendants. ) ) | Case No.: 4:25-cv-1065-JD-TER **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, (DE 13) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's pre-service screening of Plaintiff Bartholomew Richard Smith, Jr.'s ("Plaintiff" or "Smith") Complaint under 28 U.S.C. § 1915.[1]

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates herein. A brief summary is provided for context.

Smith, proceeding *pro se* and *in forma pauperis*, sued Defendants York County Detention Center ("York County"), Lt. Hall ("Hall"), and Sgt. Jincks ("Jincks") under

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

42 U.S.C. § 1983. (DE 1.) He alleges that Sgt. Jincks made threats against him, which were later carried out in the form of a physical assault. Plaintiff further alleges that Lt. Hall was aware of the threats, failed to intervene, and responded to Plaintiff's concerns with verbal abuse and indifference, allegedly stating "sue me." (*Id.*) Plaintiff claims he suffered physical injuries—including bruises, headaches, and chest spasms—and did not receive timely medical treatment. (*Id.* at 6.) He seeks monetary damages. (*Id.*)

**Report and Recommendation**

On March 20, 2025, the Magistrate Judge recommended Plaintiff's claims against York County be dismissed. (DE 13.) The Report, applying the less stringent standard afforded to pleadings filed by pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), concluded that York County is not a "person" within the meaning of section 1983 and, therefore, is not subject to suit under the statute. (DE 13 at 3.) No objections to the Report have been filed.

**B. Legal Standard**

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## C. Conclusion

Having thoroughly reviewed the Report and the record in this case and finding no clear error, the Court adopts the Report (DE 13) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's claims against the York County Detention Center are DISMISSED with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 20, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.